### UNION SWITCH & SIGNAL CO. v. SPERRY.

(Circuit Court, S. D. New York. March 12, 1909.)

MASTER AND SERVANT (§ 60*)—WRONGFUL ACTS OF SERVANT—CARRYING AWAY CONFIDENTIAL DOCUMENTS OF MASTER.

An employé, on the termination of his employment, has no right to carry away records or documents containing trade secrets or other confidential matters relating to the master's business; and if he does so a court of equity will grant relief by requiring him to return the same and enjoining him from using or communicating their contents to others.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 60.*]

In Equity.

Thos. W. Bakewell, for complainant.

Solomon Hanford, for defendant.

MARTIN, District Judge. The defendant was in the complainant's employ from January 1, 1900, to February 14, 1905, with a salary ranging from $3,300 to $4,200 per year. He was in general charge of the New York office of the complainant, and his duties required him to attend to the supervision and construction work of what is here termed the "Eastern District," being that portion of the United States east of Pittsburg. His position was somewhat of a confidential character. The New York office was under his charge, and he had access to the records, confidential and otherwise. Of the work performed by the complainant company during the services of the defendant was the installation of an automatic block signaling system on the Boston Elevated Railroad lines and the Interborough Rapid Transit Company, the New York subway. Copies of reports, letters, diagrams, blue prints, and photographs relating to the complainant's business the defendant kept in a so-called personal file. The defendant voluntarily closed his services for the plaintiff and took away with him said file, containing the documents aforesaid, without the knowledge or consent of the complainant, and subsequently made

use of them in aid of the complainant's competitors and parties who were in litigation with the complainant. This bill was brought to compel the defendant to deliver to the complainant the letters, records, and reports, and copies thereof, belonging to the complainant, that were so taken from the complainant by the defendant, and praying for a writ of injunction restraining the defendant, his clerks, etc., from any further use of said documents, and from disclosing the same to others in violation of the orator's rights, and that there may be an accounting to assess damages suffered by the complainant.

Some of the articles involved in this proceeding were photographs and blue prints made public by the complainant, and upon hearing were not urged to be included in the decree. Aside from those articles, I am satisfied, from an examination of the exhibits and the evidence, that they are the property of the complainant, and that the defendant's possession thereof is unjust and unlawful. It is unnecessary in this case to discuss the distinction between carrying away and making use of mental information and carrying away and making use of documents. The facts in this case only apply to the latter, which is a plain violation of the complainant's rights. In Keene v. Wheatley et al., 14 Fed. Cas. 181 (Case No. 7,644), Judge Cadawalader uses this language:

"In the administration of equitable jurisprudence, improper disclosures of the knowledge of primary results of mental development, whether the contents of literary compositions, or oral disclosures, or secrets of inventions, or improper disclosures of knowledge acquired in professional relations, or in those of service or agency, are prevented and redressed on principles of general applicability."

I regard this as sound law, and it well applies to the facts in the case at bar. The complainant may have decree that the defendant deliver to the complainant such of the exhibits, including originals and copies, as were not of a public nature, and that the defendant and his clerks, attorneys, servants, agents, and workmen, be restrained from further use, in any manner, of said exhibits, with costs.

The complainant's prayer for an accounting for damages is not insisted upon, and therefore not to be included in the decree.